**UNITED STATES of America,
Plaintiff–Appellee/Cross–
Appellant,**

v.

**Terrance B. WHITE, Defendant–
Appellant/Cross–Appellee.**

**Nos. 05–4117–cr(L), 05–4598–cr(XAP).**

United States Court of Appeals,
Second Circuit.

Dec. 11, 2007.

See also, 371 F. Supp.2d 378.

Joseph J. Karaszewski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, for Plaintiff–Appellee/Cross–Appellant.

Bruce R. Bryan, New York, NY, for Defendant–Appellant/Cross–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

We assume the parties' familiarity with the underlying facts (about which there is no dispute) and the procedural history of the case. Terrance B. White was charged with two counts of possession with intent to distribute cocaine, two counts of unlawful possession of cocaine, and one count of possessing a firearm in furtherance of drug trafficking. The government extended a plea offer to White in September 2003 ("First Plea Offer") fixing 138 months as the appropriate sentence. Against the advice of his counsel, White rejected the plea. In March 2004 the government extended a new plea offer under which the parties would agree that the appropriate sentenc-

ing range would be 147 to 168 months ("Second Plea Offer") and advised that, if the agreement were rejected, the government would seek to supersede the indictment adding new charges that would significantly increase his sentencing exposure. White rejected the Second Plea Offer against the advice of his counsel as well.

The grand jury then returned a seven-count superseding indictment which included two additional counts: conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and a second violation of 18 U.S.C. § 924(c). During arraignment the AUSA stated that if a jury convicted White of the second § 924(c) charge White would face a minimum of five years' imprisonment. This statement was wrong. If convicted of both § 924(c) counts in the Superseding Indictment, White actually faced a mandatory minimum sentence of thirty, rather than five, years. *See* 18 U.S.C. § 924(c)(1)(C)(i). After the arraignment, the government renewed their Second Plea Offer. In April 2004, during a pretrial status conference, the AUSA again incorrectly identified the mandatory minimum applicable to the second § 924(c) charge. White again rejected the renewed Second Plea Offer and proceeded to trial.

A jury convicted him on all seven counts. In contrast to counsel, the Presentence Report accurately fixed the mandatory minimum at thirty years and calculated a Guidelines range of 47–51 years—a conclusion which "surprised" the district court and the parties. After recognizing the issue, the government offered White a new plea agreement in which he would plead guilty in exchange for a term of twenty years incarceration. The district court then appointed new counsel who moved pursuant to Fed.R.Crim.P. 33 for a new trial on the grounds that White's trial

counsel was constitutionally ineffective because he failed to understand and advise White of the consequences of second or consecutive § 924(c) convictions.

The district court ruled that trial counsel provided ineffective assistance "because he [White] was never advised that should he be convicted at trial, he faced a mandatory 30 year consecutive minimum sentence." The district court observed that "the record could not be clearer that White was never properly advised on this crucial matter." The district court also found that "Mr. White has established a reasonable probability that the outcome would have been different here had he received the proper advice."

Turning to an appropriate remedy for the violation, the district court found that "Mr. White would have accepted the final plea offer." The district court sentenced him to 168 months' imprisonment, and vacated the jury's verdict of guilt as to Counts 1, 3, 4, 6, and 7. This appeal and cross-appeal followed.

■ This Court reviews the district court's findings of fact under a clearly erroneous standard, its choice of remedy under an abuse of discretion standard, and its application of law *de novo*. *See United States v. Gordon*, 156 F.3d 376, 379–81 (2d Cir.1998). The district court's conclusion that trial counsel's conduct arising from his failure to advise White concerning the sentencing consequences of two § 924(c) convictions constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) is correct and well-grounded in the record.

■ We review the district court's choice of remedy for a Sixth Amendment

violation for abuse of discretion. *See Gordon*, 156 F.3d at 381. "[A] finding of ineffective assistance requires a remedy specifically tailored to the constitutional error. That remedy is one that as much as possible restores the defendant to the circumstances that would have existed had there been no constitutional error." *United States v. Carmichael*, 216 F.3d 224, 227 (2d Cir.2000) (internal citations omitted). In this case, the district court determined that the best way to achieve this result would be to grant equitable relief in the form of the sentence that the district court would have imposed had White agreed to the Second Plea Offer. We see no abuse of discretion in the district court's selection of a remedy that is congruent with our precedent. *See United States v. Williams*, 372 F.3d 96, 111 (2d Cir.2004) ("the appropriate remedy was to resentence the defendant to the terms the defendant would have received had he been given proper legal advice." (internal citation and alterations omitted)).

For all the foregoing reasons, the district court's opinion is AFFIRMED.