MEMORANDUM *
Tyrone Davis appeals the sentence imposed by the district court for his role in a drug conspiracy. Davis and the government entered into a plea agreement pursuant to Fed.R.Crim.P. 11(c)(1)(C). The parties stipulated that an eighteen-year sentence was appropriate.[1] The district court accepted Davis’s guilty plea and deferred ruling on the plea agreement until it reviewed the Presentence Report (“PSR”). The PSR found that the advisory Guidelines range for Davis’s offenses was thirty years to life in prison. Nevertheless, it recommended a ten-year sentence for parity with a sentence received by one of Davis’s co-defendants. Davis’s counsel withdrew. At sentencing, Davis’s replacement counsel urged the court to impose a fourteen-year sentence because Davis was not an “organizer or leader” of the conspiracy and because the stipulated sentence would be greater than necessary to satisfy the 18 U.S.C. § 3553(a) sentencing factors. The district court rejected Davis’s arguments, accepted the plea agreement, and imposed an eighteen-year sentence. Davis appealed. We vacate Davis’s sentence and remand for resentencing.
We review all sentencing decisions for an abuse of discretion. United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc) (citing Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). Whether the district court abused its discretion depends on the following factors. First, we must determine whether the district court committed significant procedural error. Id. It is procedural error for the district court to calculate the advisory Guidelines range incorrectly, to fail to consider the 18 U.S.C. § 3553(a) factors, or to fail adequately to explain the sentence selected. Id. Second, we review the sentence for substantive reasonableness, considering the totality of the circumstances. Id.
I. Criminal history category
Because there is no evidence that Davis made a tactical decision not to challenge the calculation of his criminal history category in the district court, he did not waive his right to appeal his sentence. See United States v. Jimenez, 258 F.3d 1120, 1124 (9th Cir.2001) (holding that a defendant who conceded that the PSR correctly applied the Guidelines did not waive his right to challenge his sentence where there was no evidence that he considered objecting but for “some tactical *912 or other reason” rejected the idea); United States v. Perez, 116 F.3d 840, 845 (9th Cir.1997) (en banc) (emphasizing that the proper inquiry into whether a defendant waived a given right is not merely “whether the defendant induced or caused the error” but rather “whether the defendant intentionally relinquished or abandoned a known right”). Moreover, Davis disputed the PSR’s factual assertion that he was a founding member of the gang and argued instead that he did not join the conspiracy until 2003. Because he did not concede the PSR’s factual accuracy and because the district court accepted at sentencing that Davis was not a founding member of the conspiracy, whether the 1991 and 1992 convictions should count .toward his criminal history score is a legal question not subject to waiver. See Jimenez, 258 F.3d at 1124 & n. 3 (holding “[a] district court’s legal determinations are not immunized from appellate review simply because a defendant, present at a hearing where that determination is made, mistakenly agrees with the court” but “[a] defendant’s affirmative confirmation of the factual accuracy of (as opposed to the legal conclusions in) the PSR” forecloses appellate review of any factual dispute). We review, therefore, for plain error: an “error” that is “plain” and that “affects substantial rights.” United States v. Armstead, 552 F.3d 769, 776 (9th Cir.2008) (citing United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Even if an error is plain and affects substantial rights, we “will not exercise our discretion to correct the error unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings.” Id. (quoting Olano, 507 U.S. at 732, 113 S.Ct. 1770) (internal quotation marks and alterations omitted). We review the district court’s interpretation of the Guidelines de novo, including its determination of whether a prior conviction falls under the Guidelines. United States v. Thornton, 444 F.3d 1163, 1165 (9th Cir.2006).
Davis argues that none of his prior convictions should have counted toward the calculation of his criminal history category. “A sentence imposed more than ten years prior to the defendant’s commencement of the instant offense is not counted” when calculating a defendant’s criminal history. U.S.S.G. § 4A1.1 cmt. n. 3 (2003); see also id. § 4A1.2(e).[2] “[T]he term ‘commencement of the instant offense’ includes any relevant conduct.” Id. § 4A1.2 cmt. n. 8. Although the acts of a co-conspirator may count as relevant conduct, “relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct.” Id. § 1B1.3 cmt. n. 2.
Here, the instant offense is Davis’s involvement in the drug conspiracy. Davis stipulated in his plea agreement that he joined the conspiracy in fall 2003. The district court made no findings that Davis’s involvement in the conspiracy began earlier than 2003. Absent a finding that Davis’s involvement in the conspiracy began by 2001, Davis’s 1991 and 1992 convictions should not have counted toward the calculation of Davis’s criminal history category because none of the acts of his co-conspirators prior to fall 2003 can be considered “relevant conduct” to Davis’s offense under § 1B1.3.[3]
*913 The district court plainly erred in including the 1991 and. 1992 convictions in Davis’s criminal history category calculation without making a finding that Davis was involved in the conspiracy by 2001. The error is plain because the Guidelines clearly set forth the rules for calculating a defendant’s criminal history category. See United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) (“An error is plain if it is ‘contrary to the law at the time of appeal.’”) (quoting Johnson v. United States, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). The error affects Davis’s substantial rights because the district court may have sentenced him based on a Guidelines range that is higher than the range applicable to him. See Aim-stead, 552 F.3d at 785 (substantial rights were affected where “the starting point for consideration of the § 3553(a) factors was five months higher than it should have been.”). Finally, the error seriously affected the fairness, integrity, or public reputation of the proceedings. The district court sentenced Davis to a sentence that it thought was nineteen months below the Guidelines range. Had the court calculated the Guidelines based on a finding that Davis did not become involved in the conspiracy until 2003 it may have rejected the stipulated sentence. See id. (holding error seriously affected the integrity of judicial proceedings because if the court had properly considered the Guidelines it might have imposed a lower sentence). We therefore remand to the district court to find specifically when Davis joined the conspiracy and to resentence him if it concludes that its criminal history calculation was erroneous based on this finding.
II. “Organizer or leader” enhancement
We review for clear error the district court’s determination that a defendant is an organizer or leader. United States v. Rivera, 527 F.3d 891, 908 (9th Cir.2008).
The Guidelines provide for a four-level increase in the defendant’s offense level if he was “an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.” U.S.S.G. § 3Bl.l(a). The parties agree that the ultimate test in determining whether a defendant is an organizer or leader is whether the defendant “exercised some control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime.” United States v. Avila, 95 F.3d 887, 889 (9th Cir.1996) (internal quotation marks and alteration omitted).
The district court clearly erred in applying a four-level enhancement under § 3Bl.l(a) because it failed to identify any instance in which Davis actually controlled or organized another person in the conspiracy. In reaching its conclusion that Davis was a leader of the conspiracy, the district court relied primarily on testimony from Davis’s co-defendants about Davis’s role, which was provided in other eviden-tiary and sentencing hearings. At no point, however, did the PSR, the court, or the government cite a specific example of Davis controlling or organizing another person. Compare Rivera, 527 F.3d at 908-09 (citing multiple examples of the defendant directing another person to deliver or procure drugs or exercising decision making authority); United States v. Ponce, 51 F.3d 820, 827 (9th Cir.1995) (affirming an enhancement where one defendant had managed two co-conspirators in distributing 77 tons of cocaine, but vacating where the record was “devoid of evidence” that a second defendant had controlled or organized another person); United States v. Avila, 905 F.2d 295, 298-99 (9th Cir.1990) (finding enhancement *914 proper where the defendant “coordinated the procurement and distribution of both cocaine and heroin,” negotiated the price of the drugs, had numerous sources for drugs, and “dealt with large amounts of currency in exchange for large amounts of illegal substances”).
III. Disparity between powder cocaine and crack cocaine Guidelines
Davis argues that his sentence was unreasonable because the district court failed to take into account the disparity between the powder cocaine and crack cocaine Guidelines. Because we vacate and remand for resentencing based on the district court’s errors in calculating the Guidelines range, we do not address whether the district court imposed an unreasonable sentence under 18 U.S.C. § 3553(a). We note, however, that after Davis was sentenced, the United States Sentencing Commission reduced offense levels in most crack cocaine cases by two levels and made these changes retroactive. See United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, Amendments 706, 713 (2008). We leave it to the district court at resentencing to consider the effect on Davis’s sentence of the retroactive Guidelines amendments and the Supreme Court’s recent decisions in Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and Spears v. United States, 555 U.S.-, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) (per curiam), under which district courts may reject and vary categorically from the crack cocaine Guidelines based on a policy disagreement with the crack-powder disparity.
VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Davis pled guilty to five counts of a 36-count indictment against the members of the conspiracy. These were: Count 1, Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846; Counts 10 and 11, Distribution of Cocaine Base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 860, and 18 U.S.C. § 2; Count 12, Possession with intent to distribute cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860, and 18 U.S.C. § 2; and Count 13, Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2.

. The district court sentenced Davis using the 2003 version of the United States Sentencing Guidelines Manual.

. The government concedes that Davis's 1991 conviction for "Reckless Driving and Failure to Stop and Give Information” should not have been included in Davis's criminal history calculation because it is a misdemeanor that is expressly excluded from the criminal history calculation. See U.S.S.G. § 4A 1.2(c)(1).