10-2631-cr
*USA v. Terrance B. White*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of July, two thousand eleven.

PRESENT: RICHARD C. WESLEY,
          DEBRA ANN LIVINGSTON,
          GERARD E. LYNCH,
                  *Circuit Judges.*

------------------------------------------------------------

UNITED STATES OF AMERICA,

                  *Appellee,*

          -v.-                                    10-2631-cr

TERRANCE B. WHITE,

                  *Defendant-Appellant.*

------------------------------------------------------------

FOR APPELLEE:        MONICA J. RICHARDS, Assistant United
                     States Attorney, *for* William J. Hochul,
                     Jr., United States Attorney for the
                     Western District of New York, Buffalo,
                     NY.

FOR APPELLANT:       MARYBETH COVERT, Federal Public
                     Defender's Office for the Western
                     District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED AND REMANDED.**

Appellant Terrance B. White appeals from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*), which denied his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) on the ground that White's sentence was not "based on" the United States Sentencing Guidelines within the meaning of that provision, but rather was an exercise of the district court's equitable discretion to remedy the violation of White's Sixth Amendment rights. We assume the parties' familiarity with the underlying facts and procedural history, which we briefly recount.

White was charged in July 2003 on five counts, including several narcotics violations and one count under 18 U.S.C. § 924(c) (use or possession of a firearm during a crime of violence or drug trafficking), which carried a mandatory, consecutive five-year sentence. After White

rejected an initial plea offer,[1] the government filed a superseding indictment containing seven counts, including an additional charge under § 924(c). Together, the two § 924(c) charges exposed White to a mandatory, consecutive thirty-year sentence (five for the first charge and twenty-five for the second charge) in addition to the exposure from the other charges. *See* 18 U.S.C. § 924(c)(1)(C)(i). However, neither White's counsel nor the government ever informed him of the additional exposure from the second charge.

In April 2004, the government extended a final plea offer, under which White would plead guilty to one of the two § 924(c) counts and one narcotics count. The offer stated that the sentence would be determined pursuant to the Sentencing Guidelines. It anticipated a guideline range of 147 to 168 months, including the mandatory, consecutive 60 months for the one § 924(c) count. Neither White's counsel nor the government informed him that he risked an additional twenty-five years if convicted on both § 924(c) counts.

White rejected this final offer. At trial, he was

---

[1] Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this initial offer specified an agreed-upon proposed sentence of 138 months, with a guidelines range of 138 to 157 months.

convicted on all seven counts in May 2004.  Subsequently, a presentence report was prepared which calculated the aggregate guideline range, including the mandatory, thirty-year consecutive sentence for the two § 924(c) counts, at 570 to 622 months.

At a status conference in September 2004, Judge Larimer found "serious issues relating to ineffective assistance of counsel."  He relieved White's counsel and adjourned sentencing without date.  White subsequently moved for a new trial under Federal Rule of Criminal Procedure 33.  Judge Larimer construed this motion as a habeas corpus petition pursuant to 28 U.S.C. § 2241(c)(3).  In an order of May 2005, Judge Larimer found that White's Sixth Amendment rights had been violated because his attorney had not advised him of the drastic sentencing consequences of conviction on all counts of the superseding indictment.  Relying on *United States v. Carmichael*, 216 F.3d 224, 227 (2d Cir. 2000), he determined to fashion an equitable remedy that would as much as possible restore White to the position he would have held had there been no constitutional error.

The government proposed that the second § 924(c) count be dismissed, and that the district court sentence White for

4

his convictions under the remaining § 924(c) count and the five other charges (in essence correcting the mistake White's trial counsel made with regard to the second §924 count while recognizing the full extent of White's drug crimes). White's new counsel proposed that White be allowed to accept the initial plea offer extended prior to the superseding indictment (in essence going back to the last point at which White's counsel gave him effective assistance).

The district court rejected both suggestions as respectively too harsh and too lenient. It credited White's testimony that, had his counsel accurately conveyed the sentencing exposure from the superseding indictment, he would have accepted the final plea offer. Accordingly, the district court found that the appropriate equitable remedy for the constitutional violation was to sentence White under the terms envisioned by that final offer. It then did so, dismissing all charges except one narcotics count and one § 924(c) count. On these two counts, the district court issued a sentence of 168 months (60 months for the mandatory, five-year consecutive sentence under the § 924(c) count and 108 months for the narcotics count envisioned in

the final offer).  This term of months represents the upper end of the guideline range contemplated in the final offer.

On cross-appeals from that judgment, this Court held that White had received ineffective assistance of counsel, and we saw "no abuse of discretion in the district court's selection of a remedy that is congruent with our precedent." *United States v. White*, 257 F. App'x 382, 385 (2d Cir. 2007) (summary order).

In November 2007 the United States Sentencing Commission amended the drug quantity table in United States Sentencing Guideline § 2D1.1(c), lowering the offense level for certain crack cocaine offenses.  U.S.S.G. Supp. 2 App. C, Amend. 706.  In December 2007 the Commission voted to make the amendment retroactive, effective March 2008.  U.S.S.G. Supp. 2 App. C, Amend. 713.  In June 2008 White moved for resentencing under the revised guidelines pursuant to 18 U.S.C. § 3582(c)(2).  In June 2010 the district court denied White's motion to reduce his sentence on the ground that he was not eligible under the statute.  White timely appealed the denial.

For the following reasons, we reverse the ruling of the district judge, since White's sentence was indeed "based on"

the guidelines within the meaning of § 3582(c)(2).  He was therefore eligible for reduction in the district court's discretion, and the district court erred in holding that he was ineligible.

We review *de novo* as a matter of statutory construction a district court's determination of whether a sentence was "based on" a sentencing range that has been subsequently lowered by the Sentencing Commission within the meaning of § 3582(c)(2).  *United States v. Main*, 579 F.3d 200, 202-03 (2d Cir. 2009).

As in any exercise of statutory construction, we begin with the text of the provision in question.  *See, e.g., Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 106 (2d Cir. 2009) (per curiam).  Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (emphasis added).

When sentencing White, the district court explicitly looked to the guidelines:

> [T]o fashion a remedy, the Court is proceeding to sentence as if Mr. White had taken advantage of the plea agreement. With that understanding, *it seems appropriate and necessary to consider the guidelines* for those two offenses and convictions as anticipated by the parties in the plea agreement.
>    The Court recognizes that it had the ability even before *Booker* and *Fanfan* to depart under the guidelines, and now the Court post *Booker* could impose a non-guideline sentence.
>    *But I decline to do so.* I think the guidelines here under the principles that I've attempted to set forth provide a reasonable sentence.

Sentencing Tr. at 30-31 (emphases added). However, when White moved for a sentence reduction, the district court rejected the motion, stating:

> The Court's original sentence *was NOT based on* the United States Sentencing Guidelines calculations, and, therefore, defendant is not entitled to a reduction under 18 U.S.C. § 3582(c)(2). The sentence was imposed as an equitable remedy to rectify defendant's receipt of ineffective assistance of counsel concerning the several pretrial plea offers. The sentence was affirmed by the Second Circuit by decision filed December 11, 2007. The sentence was many years less than that called for by the United States Sentencing Guidelines after trial.

Order of June 22, 2010 (emphasis added).

The district judge carefully protected White's right to the effective assistance of counsel by declining to impose the sentence to which he had been exposed by his lawyer's errors. Rather than vacating White's conviction and

8

permitting him to plead guilty as contemplated in the government's plea offer, however, the court undertook to achieve the same result more expeditiously by dismissing some of the counts on which White had been convicted at trial, for the express purpose of placing him in the position he would have been in had he received effective assistance of counsel and accepted the final plea offer.

The district court erred in its conclusion that White's sentence was not "based on" the guidelines. The equitable remedy fashioned by the court was confined to its dismissal of certain counts against White. After dismissing these counts, the district court then proceeded to sentence him "based on" the guidelines within the meaning of § 3582(c)(2). It explicitly found that the guideline range anticipated in the final plea offer was reasonable under a § 3553(a) analysis, and sentenced White to a term of months at the upper end of, but not beyond, that range. Thus, although the sentence imposed was not within the guideline range for the counts on which White was convicted after trial, the sentence was designed to replicate the sentence that White would have received had he accepted the plea offer, and was derived directly from a calculation of what

9

the guideline range would have been in that situation. Under the plain meaning of "based on," the sentence is eligible for reduction in the judge's discretion.

The recent Supreme Court decision in *Freeman v. United States*, ___ U.S. ___, 2011 WL 2472797 (June 23, 2011), confirms this conclusion. Because the holding in *Freeman* was the product of a split majority, its precise force and scope will require elucidation by future panels. It is clear from the result, however, that defendants who are sentenced in accordance with recommendations in plea agreements – including even agreements, like the one in *Freeman* but unlike that proposed in this case,[2] that are "binding" agreements under Federal Rule of Criminal Procedure 11(c)(1)(C) – may in some cases be eligible for relief under § 3582(c)(2). It is further clear from Justice Sotomayor's controlling concurrence that even a sentence entered pursuant to a binding plea agreement is eligible for such relief where the agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment." *Id.* at *11 (Sotomayor, *J.*, concurring in the judgment). It

---

[2]While the initial plea offer based on the original indictment was a "binding" agreement, the final plea offer was not.

10

follows *a fortiori* that where a judge imposes a within-guidelines sentence recommended in a non-binding plea agreement such as the one proposed here, that similarly bases its recommendation on a guideline range, the sentence is "based on" the guidelines. Since the sentence imposed by the district was intended to be the equivalent of the sentence White would have received had he accepted that plea offer, we see no reason to treat this case differently.[3]

In imposing his original sentence, Judge Larimer did an admirable job of protecting White's Sixth Amendment rights by not allowing his sentence to be aggravated by the defense lawyer's ineffectiveness and by imposing a sentence in accordance with what may well have been a favorable plea agreement. It is understandable that the judge, who may well have believed that the sentence imposed was entirely fair to White even after the unfairness of the former crack guidelines had been discounted, may have considered that the sentence was not unduly influenced by those guidelines. In

---

[3]Our decision in *United States v. Main* does not require a different result. Whether or not *Main* remains good law after *Freeman* – a question we need not and do not address – it is distinguishable. In that case, we found the defendant ineligible for relief under § 3582(c)(2) where the sentence was imposed under a Rule 11(c)(1)(C) agreement and the agreement resulted in a sentence *below* the applicable guideline range. *Main*, 579 F.3d at 204. Neither of these conditions is present here.

concluding that White was *eligible* for a sentence reduction under § 3582(c)(2), moreover, we express no view on whether such a reduction ought to be granted.  That question is confided to the sound discretion of the district court.  We hold only that because the sentence imposed was based on the guidelines that would have been applicable, giving White the benefit of the plea that he would have accepted with the advice of an effective lawyer, the sentence was "based on" the guidelines and White was therefore eligible to be considered for such a reduction.richa

For the foregoing reasons, the judgment of the district court is hereby **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

12