Opinion for the Court filed by Circuit Judge KAVANAUGH.
Opinion concurring in the judgment filed by Senior Circuit Judge WILLIAMS.
KAVANAUGH, Circuit Judge:
From 2007 to 2009, David Duvall and others distributed large quantities of powder cocaine to mid-level drug dealers, who then cooked the cocaine into crack and sold it. In late 2009, Duvall was arrested and indicted for conspiracy to distribute crack cocaine.
Duvall pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement. A Rule 11(c)(1)(C) plea agreement generally specifies an agreed-upon sentence or sentencing range. Here, the District Court accepted the plea agreement and sentenced Duvall to 14 years’ imprisonment, as the agreement required.
On appeal, Duvall primarily argues that he is entitled to a sentence reduction because the advisory U.S. Sentencing Guidelines governing crack-related offenses were retroactively lowered after he was sentenced. Federal law allows sentence reductions when a defendant “has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2). Here, however, Duvall’s sentence was not based on a Guidelines sentencing range, but was instead based on a plea agreement *481 made under Federal Rule of Criminal Procedure 11(c)(1)(C)—that is, the plea agreement that provided for his 14-year sentence. See Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 2695-700, 180 L.Ed.2d 519 (2011) (opinion of Sotomayor, J.). In this case, therefore, the Sentencing Commission’s change to the crack Guidelines sentencing ranges does not make Du-vall eligible for a sentence reduction under Section 3582(c)(2).
Duvall also raises a choice-of-counsel argument, which we find meritless.
We therefore affirm the judgment of the District Court.
I
From at least August 2007 until his arrest in September 2009, David Duvall and his associates supplied large quantities of powder cocaine to mid-level street dealers in the Washington, D.C., area. The dealers then cooked the cocaine into crack and sold it.
After Duvall was arrested and indicted, the Government notified the District Court that Duvall’s record contained two prior drug convictions. As a result, Duvall would face a mandatory life sentence if found guilty at trial.
Duvall hired two attorneys to represent him. His attorneys negotiated with the Government, and the parties ultimately reached a plea agreement that avoided a possible life sentence. The agreement expressly listed an agreed-upon sentence of 15 years’ imprisonment for conspiracy to distribute crack cocaine—far lower than the mandatory life sentence that Duvall would have received had he been convicted at trial. The plea agreement was negotiated pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which allows plea agreements conditioned on a specific sentence or sentencing range. If the district court accepts a Rule 11(c)(1)(C) plea agreement, the court must impose the sentence listed in the plea agreement. If the district court does not accept the plea agreement (for example, because of the court’s concerns about the agreed-upon sentence), the defendant is free to withdraw his plea.
The District Court accepted Duvall’s guilty plea on April 21, 2010. When Du-vall entered his plea, the Court asked if he was “satisfied with the services” of his attorneys. Plea Entry Tr. 24, Apr. 21, 2010. Duvall answered “no,” but he said that he still wanted to proceed with the plea. Id. at 24, 30.
After the plea hearing but before sentencing, the District Court received a letter from Duvall raising concerns about the effectiveness of his counsel. Duvall wrote that his “Sixth Amendment Right” to “effective assistance of [counsel] in criminal prosecution” was being violated because, among other things, he was promised discovery and a private investigator, but received none, and one of his attorneys was on the verge of being disbarred. Duvall App. 30.
To address Duvall’s concerns, the District Court quickly convened a status conference that took place on May 3, 2010. At the conference, Duvall reiterated his grievances and noted that, due to his mistrust of counsel, he didn’t “fully understand” if he was “facing life or not.” Status Conference Tr. 4, May 3, 2010. He wanted to plead guilty only if a conviction would truly trigger a mandatory life sentence. And he wasn’t sure he was truly facing a mandatory life sentence if convicted at trial.
The Court asked if Duvall had “any money left to hire another lawyer.” Id. at 6. Duvall replied that he did not. Du-vall’s attorneys withdrew, and the Court then appointed a new attorney to assist Duvall and to help Duvall determine whether he should withdraw his plea.
*482 The new counsel advised Duvall that he was, in fact, facing a mandatory life sentence if convicted at trial. The new counsel also convinced the Government to reduce Duvall’s agreed-upon sentence from 15 years to 14 years.
At sentencing on September 10, 2010, after being invited to speak, Duvall expressed no objections to the plea agreement or to his new counsel. The District Court then sentenced Duvall to 14 years’ imprisonment.
About a year later, effective November 1, 2011, the U.S. Sentencing Commission permanently reduced the sentencing levels for certain crack-related offenses. See U.S. SENTENCING GuiDELINES MANUAL app. C, amend. 750 (2011). In addition, the Commission made those reductions retroactive. Id. amend. 759.
Based on those new Guidelines, Duvall filed a motion to reduce his sentence. The District Court denied the motion. The Court found that Duvall’s sentence was based on the Rule 11(c)(1)(C) plea agreement, not on the now-reduced Guidelines sentencing range, as is required for a sentence reduction under 18 U.S.C. § 3582(c)(2).
II
On appeal, Duvall contends that the District Court did not give him sufficient time to hire a new attorney of his choice, using his own means, between the May 2010 status conference—when Duvall jettisoned his original attorneys—and the September 2010 sentencing. Because he did not raise this argument in the District Court, we review it only for plain error. The argument is meritless in light of (i) the four-month stretch between counsel’s withdrawal and sentencing—a period in which Duvall could have hired a different attorney if he had the desire and means to do so; and (ii) the District Court’s patient and careful handling of Duvall’s stated concerns with his initial attorneys, including the Court’s assignment of new counsel who assisted Duvall. Put simply, the District Court did not in any way prevent Duvall from hiring his counsel of choice. There was no error, much less plain error.
Ill
Duvall next argues that he is entitled to a sentence reduction because of the Sentencing Commission’s recent revision to the crack-cocaine Guidelines.
Federal law allows a defendant to receive a sentence reduction when he “has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2). About a year after Duvall was sentenced for conspiracy to distribute crack cocaine, the U.S. Sentencing Commission amended the advisory Sentencing Guidelines governing crack-related offenses and gave those amendments retroactive effect. See U.S. SENTENCING GuiDELINES MANUAL app. C, amend. 750 (2011) (effective Nov. 1, 2011) (adjusting Guidelines); id., amend. 759 (effective Nov. 1, 2011) (making Amendment 750 retroactive).
Under the statute, Duvall is eligible for a sentence reduction if his sentence was “based on” a Guidelines sentencing range that was lowered by the crack-related amendments to the Sentencing Guidelines. To determine whether Duvall’s sentence was based on a Guidelines sentencing range, we must analyze the role of Duvall’s Rule 11(c)(1)(C) plea agreement in sentencing.
Rule 11(c)(1)(C) plea agreements allow the prosecutor and the defendant to agree on a determinate sentence or sentencing range, which is then submitted to the judge for approval. See Fed.R.Crim.P. 11(c)(1)(C); United States v. Berry, 618 F.3d 13, 16 (D.C.Cir.2010). If the judge *483 accepts the agreement with the agreed-upon sentence, the judge may not impose a different sentence without allowing the defendant to withdraw his plea. See Fed. R.Crim.P. 11(c)(5)(B). Before a Rule 11(c)(1)(C) plea agreement is approved, moreover, the judge must calculate the applicable Guidelines sentencing range and consider the Guidelines. See 18 U.S.C. § 3553(a)(4); U.S. Sentencing Guidelines Manual § 6B1.2(e).
In cases involving Rule 11(c)(1)(C) plea agreements, it can be difficult to determine what the sentence is “based on” for purposes of the Section 3582(c)(2) sentence reduction provision. Section 3582(c)(2) applies only if the sentence was based on a Guidelines sentencing range. Is the sentence in a Rule 11(c)(1)(C) ease based on the plea agreement? Is it based on a Guidelines sentencing range? On both?
The Supreme Court recently addressed that question in Freeman v. United States, — U.S.-, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011). Freeman was a splintered decision: Four Justices concluded that sentences under Rule 11(c)(1)(C) plea agreements are “based on” the Guidelines sentencing range calculated by the judge; four Justices concluded that the sentences are “based on” the plea agreement, and not “based on” a Guidelines sentencing range; and Justice Sotomayor concluded that the sentences are “based on” the plea agreement, but in a specific subset of cases are also “based on” a Guidelines sentencing range. See id.
For purposes of this appeal, both parties agree that Justice Sotomayor’s opinion controls our analysis in light of the Supreme Court’s decision in Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977).[1] Accordingly, we do not further address that question.
Justice Sotomayor’s opinion sets forth two possible ways in which a Rule 11(c)(1)(C) plea agreement may be “based on” a Guidelines sentencing range, thereby making the defendant eligible for a sentence reduction under Section 3582(c)(2) if the relevant Guidelines sentencing range is later amended.
First, the plea agreement may not provide for a specific term of imprisonment but instead may explicitly provide “for the defendant to be sentenced within a particular Guidelines sentencing range.” Freeman, 131 S.Ct. at 2697 (opinion of Sotomayor, J.). In that situation, the defendant has been sentenced “based on” the specified Guidelines sentencing range for purposes of Section 3582(c)(2) and thus may be eligible for a sentence reduction if the relevant Guidelines sentencing range is later amended.
Second, the plea agreement may provide for a specific term of imprisonment but may still “make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which *484 the defendant pleaded guilty.” Id. To fall into this category, the Guidelines sentencing range must be “evident from the agreement itself.” Id. at 2697-98. As we read Justice Sotomayor’s analysis in Freeman, that situation may arise when the plea agreement (i) expressly specifies the Guidelines sentencing range and makes clear that the Guidelines sentencing range was used by the parties to determine the agreed-upon sentence, id. at 2698, or (ii) expressly specifies the Guidelines offense level and criminal history category and makes clear that the corresponding Guidelines sentencing range was used by the parties to determine the agreed-upon sentence, id. at 2699-700. In those circumstances, it can be “evident from the agreement itself’ that the sentence is based on a Guidelines sentencing range for purposes of Section 3582(c)(2). Id. at 2698. Other courts of appeals have similarly interpreted Freeman. See United States v. Austin, 676 F.3d 924, 930 (9th Cir.2012); United States v. Rivera-Martínez, 665 F.3d 344, 349 (1st Cir.2011); United States v. Brown, 653 F.3d 337, 340 (4th Cir.2011).
In applying Justice Sotomayor’s opinion, there of course may be some close calls at the margins.[2] But this case is not a close call. Here, unlike in Freeman itself, Du-vall’s plea agreement neither expressly specified the Guidelines sentencing range nor expressly specified the offense level or criminal history category. The plea agreement simply stated that the parties “agree that 180 months is the appropriate sentence for this offense.” Therefore, we do not even get to the separate question of whether the agreement made clear that the specified Guidelines range was used by the parties to determine the agreed-upon sentence. Applying Justice Sotomayor’s analysis in Freeman, we conclude that Du-vall’s sentence was not based on a Guidelines sentencing range and that he therefore is not eligible for a sentence reduction under Section 3582(c)(2).
We affirm the judgment of the District Court.

So ordered.

. The Government notes in its brief that every court of appeals to address the issue has found Justice Sotomayor’s Freeman opinion controlling under the principle of Marks v. United States. 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). Marks stated that "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment! 1” based on the "narrowest grounds.” Id. at 193, 97 S.Ct. 990 (internal quotation marks omitted). See United States v. Rivera-Martinez, 665 F.3d 344, 347-48 (1st Cir.2011); United States v. White, 429 Fed.Appx. 43, 47 (2d Cir.2011) (unpublished); United States v. Thompson, 682 F.3d 285, 289-90 (3d Cir.2012); United States v. Brown, 653 F.3d 337, 340 & n. 1 (4th Cir.2011); United States v. Smith, 658 F.3d 608, 611 (6th Cir.2011); United States v. Dixon, 687 F.3d 356, 359-60 (7th Cir.2012); United States v. Browne, 698 F.3d 1042, 1045 (8th Cir.2012); United States v. Austin, 676 F.3d 924, 927 (9th Cir.2012); United States v. Lawson, 686 F.3d 1317, 1321 n. 2 (11th Cir.2012).

. The Freeman analysis may prove difficult in some cases, but it is likely to be a relatively short-lived issue for the courts. At oral argument, the Assistant U.S. Attorney indicated that the U.S. Attorney’s Office now drafts Rule 11(c)(1)(C) plea agreements with an eye to avoiding later litigation on the Freeman issue. Doing so is consistent with Justice Sotomayor’s suggestion that parties draft future plea agreements to avoid this problem. See Freeman, 131 S.Ct. at 2699.