**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

TYRONE DAVIS,
*Defendant-Appellant*.

No. 13-30133

D.C. No.
3:04-cr-05350-RBL-2

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
May 14, 2014—Seattle, Washington

Filed January 27, 2015

Before: Diarmuid F. O'Scannlain, Andrew J. Kleinfeld,
and Marsha S. Berzon, Circuit Judges.

Per Curiam Opinion;
Concurrence by Judge Berzon

## SUMMARY[*]

### Criminal Law

The panel affirmed the district court's denial of a motion pursuant to 18 U.S.C. § 3582(c)(2) for reduction of sentence based upon the retroactive amendments to the Sentencing Guidelines governing crack cocaine.

The panel held that the district court's determination that it lacked jurisdiction to reduce the defendant's sentence because the sentence was not "based on" the Guidelines is compelled under *United States v. Austin*, 676 F.3d 924 (9th Cir. 2012), where the defendant's Fed. R. Crim. P. 11(c)(1)(C) plea agreement neither called for him to be sentenced within a particular Guidelines range, nor made clear that the basis for the specified term is a Guidelines range applicable to the offense, or showed that a sentencing range is evident from the agreement itself.

Concurring, Judge Berzon agreed with the *per curiam* opinion, given the holding of *Austin*, which she believes was incorrectly decided and should be reconsidered *en banc*.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Anna M. Tolin, Kirkland, Washington, for Defendant-Appellant.

Michael S. Morgan, Assistant United States Attorney, Seattle, Washington, for Plaintiff-Appellee.

## OPINION

PER CURIAM:

In 2005, Davis was convicted on the basis of his plea agreement and sentenced to 18 years for conspiracy, distribution, and possession with intent to distribute cocaine base, that is, crack. We affirmed his sentence on direct appeal. Subsequently, in 2010, the United States Sentencing Commission reduced the Sentencing Guidelines retroactively for crack cocaine. Davis sought a retroactive reduction of his sentence based upon this change. The district court held that it lacked jurisdiction to modify his sentence because his sentence was not "based on" the Guidelines.[1] We review de novo,[2] and affirm.

---

[1] *See* 18 U.S.C. § 3582(c)(2).

[2] *United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012).

Davis's plea agreement recites that it is entered into pursuant to Rule 11(c)(1)(C).[3]  A "(c)(1)(C)" agreement is one that the district court has discretion to accept or reject, but if the district court does not agree upon the particular sentence the parties have agreed to, then the defendant is entitled to withdraw from the agreement.[4]  There is no issue in this case regarding whether the agreement was, as it recites, an 11(c)(1)(C) agreement.

The agreement lists some, but not all, of the factors that would enable a Guidelines calculation.  On the one hand, it states what statutes and statutory penalties apply, and it says that the total amount of cocaine base would yield a base offense level of 34.  On the other hand, it does not state whether adjustments are appropriate, or what Davis's criminal history category would be under the Guidelines. Criminal history category and adjustment determinations are necessary to calculate the sentencing range on the Guidelines matrix.    It  appears  from  the  sentencing  memoranda

---

[3] Fed. R. Crim. P. 11(c)(1):

> . . . If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will: . . .

> > (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

[4] Fed. R. Crim. P. 11(d).

subsequently submitted to the district court that Davis's criminal history category was II. The district court found on remand from the Ninth Circuit[5] that Davis's criminal history was I. At his sentencing, the court found by a preponderance of evidence that "Davis was a leader in the Seven Deuces Mob and in the criminal conspiracy that gave rise to the charges." The court considered these factors in determining whether to accept the plea agreement, and accepted it, sentencing Davis to the 18 years he had agreed to.

The law established by the Supreme Court decision in *Freeman v. United States*[6] has been much debated. Four justices in *Freeman* would have held that all crack sentences based on 11(c)(1)(C) agreements are eligible for the retroactive reduction provided by the Guidelines, because the trial judge's discretion whether to accept the proposed sentence is always informed by the Guidelines.[7] Another four justices accepted the government's position that a sentence imposed under an 11(c)(1)(C) agreement is based on the agreement, not the Guidelines.[8] One justice, Justice Sotomayor, thought that a sentence imposed pursuant to an 11(c)(1)(C) agreement was based on the agreement and not the Guidelines,[9] so not subject to the retroactive crack reduction. However, Justice Sotomayor would have

---

[5] *See United States v. Davis*, 312 Fed. Appx. 909, 913 (9th Cir. 2009) (unpublished).

[6] *Freeman v. United States*, 131 S.Ct. 2685 (2011).

[7] *Id.* at 2690 (plurality opinion).

[8] *Id.* at 2700 (Roberts, C.J., dissenting).

[9] *Id.* at 2696 (Sotomayor, J., concurring in the judgment).

recognized two exceptions.  First, Justice Sotomayor would have recognized an exception where the (c)(1)(C) plea agreement provides that the defendant be sentenced within a specific Guidelines sentencing range.    Second, Justice Sotomayor would have recognized an exception where, although the (c)(1)(C) agreement provided only for a specific term of imprisonment, it was clear that "the basis for the specified term is a Guidelines sentencing range" and that "the sentencing range is evident from the agreement itself."[10]  To fit within her second exception, the (c)(1)(C) agreement has to "expressly use[] a Guidelines sentencing range to establish the term of imprisonment," and that range must have been "subsequently lowered by the [Sentencing] Commission"[11] All eight of the other justices, four to affirm[12] and four to reverse,[13] disagreed with Justice Sotomayor's analysis.  In the context of *Freeman*, her view and the particularities of the plea agreement led her to agree with the justices who thought the district did have jurisdiction to apply the retroactive reduction.

In the case before us, the district court concluded that under *Marks v. United States*,[14] the Sotomayor view controlled.  In our circuit, the matter was resolved in *United*

---

[10] *Id.* at 2697.

[11] *Id.* at 2698.

[12] *Id.* at 2690 (plurality opinion).

[13] *Id.* at 2701 (Roberts, C.J., dissenting).

[14] *Marks v. United States*, 430 U.S. 188 (1977).

States v. Austin.**[15]**  We held in *Austin* that Justice Sotomayor's concurrence in the judgment in *Freeman* controls under *Marks*.**[16]**  The district court's determination in this case that it lacked jurisdiction to reduce Davis's crack sentence is consistent with *Austin*.

Under *Austin*, Davis's 18-year sentence was "based on" his 11(c)(1)(C) agreement unless one of the two *Freeman* exceptions applies.  They do not.  His agreement does not call for him to be sentenced "within a particular Guidelines sentencing range."**[17]**  Nor does it "make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense," or show that a "sentencing range is evident from the agreement itself."**[18]**  As explained above, his agreement does not specify his Guidelines range, just one element of it, quantity, leaving out other necessary elements of the calculation, such as his criminal history and leadership role.  We are therefore compelled under *Austin* to affirm.

**AFFIRMED.**

---

**[15]** *United States v. Austin*, 676 F.3d 924 (9th Cir. 2012).

**[16]** *Id.* at 927–28 (citation omitted).

**[17]** *Freeman*, 131 S.Ct. at 2697.

**[18]** *Id.*

BERZON, Circuit Judge, concurring:

I agree with the *per curiam* opinion, given the holding of *United States v. Austin*, 676 F.3d 924 (9th Cir. 2012). In my view, however, *Austin* was incorrectly decided and should be reconsidered by this court *en banc*. We should instead adopt the rationale of *United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013).

In *Austin*, we held that Justice Sotomayor's opinion in *Freeman v. United States*, 131 S. Ct. 2685 (2011), was controlling under *Marks v. United States*, 430 U.S. 188 (1977). *See Austin*, 676 F.3d at 927–28. Subsequently, in *Epps*, the D.C. Circuit concluded that none of the opinions in *Freeman* represented the holding of the Court. *Epps*, 707 F.3d at 348–51. The D.C. Circuit then went on to hold, independently of any binding Supreme Court precedent but in accord with the plurality opinion in *Freeman*, that, for purposes of 18 U.S.C. § 3582(c)(2), "the focus, even when there is a [Fed. R. Crim. P.] 11(c)(1)(C) plea agreement, ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties' agreement." *Id*. at 351. I agree.

Under *Marks*, the holding of a fractured Supreme Court opinion is "that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks*, 430 U.S. at 193 (internal quotation marks omitted). *Epps* held, relying on prior D.C. Circuit precedent interpreting the *Marks* test, that *Marks* requires "'a common denominator of the Court's *reasoning*'" which must "'embody a position implicitly approved by at least five Justices who support the judgment.'" *Epps*, 707 F.3d at 348 (quoting *King v. Palmer*, 950 F.2d 771, 781 (D.C. Cir. 1991)

(en banc)). This court has approvingly cited *King*'s test, and has applied *Marks* in a similar way. *See, e.g.*, *Lair v. Bullock*, 697 F.3d 1200, 1205 (9th Cir. 2012); *United States v. Williams*, 435 F.3d 1148, 1157 (9th Cir. 2006).

*Epps* concluded that there was no common denominator in *Freeman* "because the plurality and concurring opinions do not share common reasoning whereby one analysis is a 'logical subset,' *King*, 950 F.2d at 781, of the other." *Epps*, 707 F.3d at 350. Indeed, as the *per curiam* opinion in this case recounts, the *Freeman* plurality *rejected* Justice Sotomayor's approach. *Id*. Furthermore, while the plurality and Justice Sotomayor agreed on the proper outcome of the case on the facts presented in *Freeman*, *Epps* observed that there was nothing logically necessary about this correspondence in outcome. *Id.* There would be many cases in which a defendant's sentence would be reduced under the plurality's approach but not under Justice Sotomayor's, of course, but it was equally true that there would be cases in which a defendant's sentence would be reduced under Justice Sotomayor's approach but not under the plurality's. *See id*. at 350–51 (citing *United States v. Duvall*, 705 F.3d 479, 487–89 (D.C. Cir. 2013) (Williams, J., concurring in the judgment) (explaining how the two approaches can diverge in particular cases)). Because Justice Sotomayor's opinion focuses on the role the *parties'* Guidelines calculations play in the formation of a Fed. R. Crim. P. 11(c)(1)(C) agreement, while the plurality's approach focuses on the role of the *judge's* Guidelines calculations in deciding whether to accept such an agreement, "the set of cases where the defendant prevails under the concurrence is not always nestled within

the set of cases where the defendant prevails under the plurality as the *Marks* framework requires." *Id* at 351.**[1]**

Like the D.C. Circuit in *Epps*, I cannot conclude that Justice Sotomayor's opinion qualifies as controlling under *Marks*. On the contrary, the reasoning of Justice Sotomayor's opinion is totally contrary to that of the plurality opinion, and her opinion would result in sentencing reductions in cases in which the plurality opinion would not. I would follow the D.C. Circuit's conclusions that Justice Sotomayor's opinion is not binding; that, therefore, "we are bound only by the result in *Freeman*, namely that [18 U.S.C.] § 3582(c)(2) relief is not invariably barred when a sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement"; and that the *Freeman* plurality's reasoning is the most persuasive of the three opinions in that case. *Id*. at 351. We should reconsider *Austin*'s holding to the contrary.

---

**[1]** "'For example, the parties may state in the plea agreement that a particular range applies and agree to a sentence at the bottom of that range, but the district court may not agree that the range determined by the parties applies, finding for example that the career offender range is applicable instead, but notwithstanding this finding accept the plea because it is to a term that is acceptable to the court for reasons unrelated to the guideline range determined by the parties. Using Justice Sotomayor's standard, if the sentencing range used by the parties is subsequently reduced, the defendant would be eligible for a sentence reduction because the plea agreement was accepted and provided for a stipulated sentence based on a subsequently reduced range–according to Justice Sotomayor, eligibility is determined based on the agreement. The plurality, however, would find this defendant ineligible because the range that the parties agreed to played no role in the court's determination that this was an appropriate sentence, despite the fact that the court imposed the agreed-upon term of imprisonment.'" *Epps*, 707 F.3d at 350 n.8 (quoting Epps's reply brief).