**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellant,*

v.

LORENZO AUSTIN,
        *Defendant-Appellee.*

No. 10-10001

D.C. No.
2:05-cr-00269-
LKK-EFB-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted
March 12, 2012—San Francisco, California

Filed April 18, 2012

Before: J. Clifford Wallace, Dorothy W. Nelson, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## COUNSEL

Benjamin B. Wagner, United States Attorney, Samuel Wong, Assistant United States Attorney, Sacramento, California, for the plaintiff-appellant.

Daniel J. Broderick, Federal Defender, David M. Porter, Assistant Federal Defender, Sacramento, California, for the defendant-appellee.

## OPINION

BEA, Circuit Judge:

Lorenzo Austin was sentenced to a seventeen-year prison term pursuant to a plea agreement. Two years later, Austin

filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which the district court granted. While this case was pending, the United States Supreme Court decided *Freeman v. United States*, 131 S. Ct. 2685 (2011). We conclude that Justice Sotomayor's concurrence in *Freeman* controls this case because Austin's plea agreement was a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement ("(C) agreement"). Applying her opinion, we hold that the district court lacked jurisdiction to reduce Austin's sentence because the imposed seventeen-year sentence was "based on" the parties' plea agreement and not on "a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see Freeman*, 131 S. Ct. at 2697-98 (Sotomayor, J., concurring).

I.

In 2005, Austin was charged by indictment with possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government also filed an information charging Austin of having been previously convicted of a felony drug offense. Austin entered into a written plea agreement signed by Austin and the attorneys representing both sides. In the agreement, Austin agreed to plead guilty to violating § 841(a)(1) (drug possession with intent to distribute) and § 924(c)(1)(A)(i) (firearm possession in furtherance of a drug trafficking crime). In exchange, the government agreed to dismiss the § 922(g)(1) (felon in possession of firearm) charge and to move to strike the information. The plea agreement further stipulated that both parties agreed to recommend a seventeen-year sentence to the district judge. It also provided that it would be "null and void" if the court did not accept Austin's guilty pleas or failed to sentence Austin to the agreed-to seventeen-year prison term. On January 23, 2007, the district court entered judgment pursuant to

the plea agreement and sentenced Austin to the agreed-to seventeen-year prison term.

On January 27, 2009, Austin filed a motion with the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2); the government opposed the motion. The district court granted the motion holding that Austin's sentence was "based on" a sentencing range that had been subsequently lowered by the Sentencing Commission. The district court reduced Austin's sentence from seventeen years to fifteen years. The government appealed the district court's order granting Austin's § 3582(c)(2) motion. We reverse.

## II.

"We review *de novo* whether a district court has jurisdiction to resentence a defendant under 18 U.S.C. § 3582[(c)(2)]." *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (citation omitted). Once jurisdiction is established, however, the district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Colson*, 573 F.3d 915, 916 (9th Cir. 2009).

## III.

**[1]** In general, federal courts lack jurisdiction to "modify a term of imprisonment once it has been imposed." § 3582(c). However, § 3582(c)(2) provides a narrow exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements . . . .

§ 3582(c)(2) (emphasis added).

In a fragmented opinion, the United States Supreme Court recently addressed the application of § 3582(c)(2) to sentences imposed pursuant to a (C) agreement. The issue before the Court was whether a sentence imposed pursuant to a (C) agreement can be nevertheless "based on" a sentencing range within the meaning of § 3582(c)(2).[1] If not, then any sentence imposed pursuant to such an agreement would be ineligible for a § 3582(c)(2) sentence reduction.

**[2]** This issue arises because of the binding nature of (C) agreements and their corresponding procedural requirements. (C) agreements are one of the three types of plea agreements specified by Rule 11(c)(1).[2] Under a (C) agreement, if the defendant pleads guilty, the government may "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "such a recommendation or request binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C). Additionally, a court considering a (C) agreement may only "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Rule 11(c)(3)(A). If the court accepts the agreement, "the agreed disposition will be included in the judgment." Rule 11(c)(4). If the court rejects it, the defendant must be advised that "the court is not required to follow the

---

[1]In *United States v. Bride*, 581 F.3d 888, 891 n.5 (9th Cir. 2009), we declined to reach this issue.

[2]The Advisory Committee Notes state that former "Rule 11(e)(1) specifies three types of plea agreements, namely, those in which the attorney for the government might [¶] (A) move for dismissal of other charges; or [¶] (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such a recommendation or request shall not be binding upon the court; or [¶] (C) agree that a specific sentence is the appropriate disposition of the case." Fed. R. Crim. P. 11 advisory committee's notes (1979 Amendments), 18 U.S.C. app. Fed. R. Crim. P. 11 (2006 ed.) (In 2002, Rule 11 was reorganized and old subdivision (e)(1) is now found at subdivision (c)(1).).

plea agreement" and must be given "an opportunity to with-draw the plea." Rule 11(c)(5)(B).

In *Freeman*, a four-justice plurality and Justice Sotomayor, concurring in the judgment, concluded that a sentence imposed pursuant to a (C) agreement does not preclude eligi-bility for § 3582(c)(2) relief. *Freeman*, 131 S. Ct. at 2693 (plurality opinion); *id.* at 2695 (Sotomayor, J., concurring). Justice Sotomayor's concurrence is the controlling opinion because it reached this conclusion on the "narrowest grounds." *See Marks v. United States*, 430 U.S. 188, 193 (1977).[3]

Justice Sotomayor reasoned that the binding nature of a (C) agreement makes the agreement itself the "foundation for the term of imprisonment to which the defendant is sentenced." *Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring). Accordingly, the term of imprisonment imposed pursuant to a (C) agreement is "dictated by the terms of the agreement entered into by the parties, not the judge's [Sentencing] Guidelines calculation." *Id.* Thus, she concluded that "the term of imprisonment . . . is, for purposes of § 3582(c)(2), 'based on' the agreement itself," and "the mere fact that the parties . . . may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ulti-mately agreed upon." *Id.* at 2696-97. In general, this would bar a defendant whose sentence was imposed pursuant to a (C) agreement from seeking a sentence reduction under § 3582(c)(2). But Justice Sotomayor carved out two excep-tions where a sentence imposed pursuant to a (C) agreement is nevertheless "based on" a Sentencing Guidelines range. *Id.* at 2697-98.

---

[3]Three other circuits agree that Justice Sotomayor's concurrence con-trols. *See United States v. Rivera-Martinez*, 665 F.3d 344, 348 (1st Cir. 2011); *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011); *United States v. Brown*, 653 F.3d 337, 340 & n.1 (4th Cir. 2011).

The first exception is when a (C) agreement itself "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," which the court then accepts. *Id.* at 2697. This exception does not apply here because Austin's plea agreement contained a specific term and makes no mention of a particular sentencing range.

**[3]** The second exception, which Austin argues is applicable here, provides:

> [A] plea agreement might provide for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty. As long as that sentencing range is *evident from* the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is "based on" that range. Therefore, when a (C) agreement *expressly uses* a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2).

*Id.* at 2697-98 (emphasis added).

Application of this standard in *Freeman* itself is illustrative. The plea agreement in *Freeman* stated that "Freeman 'agrees to have his sentence determined pursuant to the Sentencing Guidelines,' . . . and that 106 months is the total term of imprisonment to be imposed." *Id.* at 2699. The agreement anticipated that Freeman would face 60 months for his guilty plea to possessing a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c)(1)(A), which was the mandatory minimum sentence and was to be served consecutively to any other sentence imposed. *Id.* The agreement also "set[ ] Freeman's offense level at 19, as determined by

the quantity of drugs and his acceptance of responsibility, and state[d] that the parties anticipate a criminal history category of IV." *Id.* Justice Sotomayor then applied the Sentencing Guidelines to this information to produce a sentencing range of 46 to 57 months for Freeman's non-firearm crimes, including possessing with intent to distribute cocaine base. *Id.* From this result, she concluded that it was "evident that Freeman's agreement employed the 46-month figure at the bottom end of [the] sentencing range, in combination with the 60-month mandatory minimum sentence under § 924(c)(1)(A), to establish his 106-month term." *Id.* at 2700. Therefore, Freeman's term of imprisonment was "based on" a Guidelines sentencing range. *Id.*[4]

In this case, Austin first argues that the plea agreement entered into was not a (C) agreement and thus, *Freeman* does not apply. He argues that it was a Rule 11(c)(1)(B) plea agreement ("(B) agreement") because the agreement states that the parties will "recommend" a seventeen-year sentence to the court.[5] We disagree. First, even under a (C) agreement, the Federal Rules of Criminal Procedure recognize that the agreed-to sentence is only a "recommendation or request" that

---

[4]Three other circuits have published opinions applying Justice Sotomayor's test to determine whether a defendant is eligible for sentence reduction under § 3258(c)(2). *See Rivera-Martinez*, 665 F.3d at 349-50 (1st Cir. 2011) (ineligible where plea agreement contained an offense level, but did not identify any Guidelines sentencing range nor a criminal history category); *Brown*, 653 F.3d at 338, 340 (4th Cir. 2011) (ineligible where plea agreement, although specifying a sentence range, "[did] not expressly use a Guidelines sentencing range"); *cf. Smith*, 658 F.3d at 613 (6th Cir. 2011) (eligible for sentence reduction where plea agreement had an attached worksheet detailing Guidelines sentencing calculations performed by the parties).

[5]Rule 11(c)(1)(B) provides that if the defendant pleads guilty, the government may "recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply," and "such a recommendation or request does not bind the court."

the court may accept or reject. Rule 11(c)(1)(C), (3)(A). Therefore, the fact that the plea agreement uses the word "recommend" does not prove that the agreement was a (B) agreement. Additionally, Austin was not advised that he had no right to withdraw his guilty plea if the court rejected the recommendation, as required when a court accepts a (B) agreement. Rule 11(c)(3)(B).[6] Moreover, Austin's plea agreement provided that it would be "null and void" if the court failed to accept Austin's pleas or failed to sentence Austin to the agreed-to seventeen years. Although this language alone is not determinative, it evidences the parties' expressed intent to have Austin's pleas withdrawn in the event the court did not sentence him to seventeen years, which is consistent with a (C) agreement and inconsistent with a (B) agreement. Lastly, when the court accepts a (C) agreement, the court must inform the defendant that the "agreed disposition will be included in the judgment." Rule 11(c)(4). The parties here specifically requested that the judge "follow the plea agreement," which the court ultimately did, as is reflected in the judgment. For these reasons, we conclude Austin was sentenced pursuant to a (C) agreement, not a (B) agreement.

**[4]** We now turn to that agreement. Looking only to the terms of the agreement, they provide no indication of a particular Guidelines sentencing range applicable to Austin's offenses. The agreement simply provides for a specific term of seventeen years. Therefore, for Austin to be eligible for a sentence reduction, he would have to qualify under the second

---

[6]Rule 11(c)(3)(B) provides: "To the extent the plea agreement is [a (B) agreement], the court must advise the defendant that [he] has no right to withdraw the plea if the court does not follow the recommendation or request." In comparison, Rule 11(c)(3)(A) provides: "To the extent that the plea agreement is a [(C) agreement], the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." If the court rejects a (C) agreement, the court "must" advise the defendant "on the record and in open court" that "the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea." Rule 11(c)(5).

exception outlined by Justice Sotomayor. In other words, a Guidelines sentencing range must be "evident from the agreement itself" or it must "expressly use" a Guidelines range. Neither situation obtains. No sentencing range appears on the face of the plea agreement that could have formed the basis for the specific term of seventeen years. The terms of the agreement do not "make clear," *Freeman*, 131 S. Ct. at 2697 (Sotomayor, J., concurring), that any particular Guidelines range was "employed," *id.* at 2700. For instance, unlike Freeman, the plea agreement does not contain any information about Austin's criminal history category. Without this information, Justice Sotomayor's sentence calculation exercise in *Freeman*, which used an offense level and a criminal history category, is impossible. *See Rivera-Martinez*, 665 F.3d at 349. Austin attempts to direct our attention to the district court's independent Guidelines calculations. Although the agreement acknowledges the court's duty independently to consult the Sentencing Guidelines, under Justice Sotomayor's approach, it is the terms of the (C) agreement that dictate, not the judge's separate calculations. *Freeman*, 131 S. Ct. at 2696; *see Brown*, 653 F.3d at 340 ("The fact that district court consulted the Guidelines in establishing [defendant's] specific sentence is irrelevant."). Therefore, Austin's sentence was based on his plea agreement and not on a Sentencing Guidelines range.

## IV.

**[5]** Because Austin's sentence was based on a binding (C) agreement and was not based on a Sentencing Guidelines range, the district court lacked jurisdiction to modify Austin's sentence under § 3582(c)(2). Accordingly, the district court's order granting Austin's motion to reduce his sentence is REVERSED and the reduced sentence is VACATED. This case is remanded to reinstate the original sentence of seventeen years.