**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Derek Lorenzo WALKER, Defendant— Appellant.**

**No. 09–10125.**

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2012.*

Filed July 27, 2012.

Garth Hire, Esquire, Assistant U.S., Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Richard Alan Tamor, Tamor & Tamor, Oakland, CA, for Defendant–Appellant.

Derek Lorenzo Walker, Safford, AZ, pro se.

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Derek Lorenzo Walker appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Walker contends that the district court abused its discretion by declining to reduce his sentence based on the retroactive amendments to the Sentencing Guidelines that lowered the penalties for crack cocaine offenses. Walker is not eligible for a sentence reduction because his sentence was based on the parties' stipulation in a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and not "on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by section 3582(c)(2). *See Freeman v. United States*, —— U.S. ——, ———–——, 131 S.Ct. 2685, 2696–96, 180 L.Ed.2d 519 (2011) (Sotomayor, J., concurring). Neither exception that would allow us to conclude otherwise applies here, because the terms of the plea agreement provide no indication of a particular Guidelines sentencing range applicable to Walker's offense, nor is any Guidelines range expressly used in the agreement or evident from the agreement itself. *See United States v. Austin*, 676 F.3d 924, 930 (9th Cir.2012). As such, Walker's sentence was based on the plea agreement, and the district court lacked jurisdiction to modify his sentence under section 3582(c)(2). *See id.*

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

