**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30209 |
| Plaintiff - Appellee, | D.C. No. 2:96-cr-00376-JLR |
| v. | |
| OSCAR KEVIN BONDS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Oscar Kevin Bonds appeals from the district court's order denying his 18

U.S.C. § 3582(c)(2) motion for reduction of sentence.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bonds contends that the district court abused its discretion by declining to reduce his sentence based on the retroactive amendments to the Sentencing Guidelines that lowered the penalties for crack cocaine offenses. Bonds is not eligible for a sentence reduction because his sentence was based on the parties' stipulation in a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and not "on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by section 3582(c)(2). *See Freeman v. United States*, 131 S. Ct. 2685, 2695-96 (2011) (Sotomayor, J., concurring). Neither exception that would allow us to conclude otherwise applies here, because the terms of the plea agreement provide no indication of a particular Guidelines sentencing range applicable to Bonds's offenses, nor is any Guidelines range expressly used in the agreement or evident from the agreement itself. *See United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012). As such, Bonds's sentence was based on the plea agreement, and the district court lacked jurisdiction to modify his sentence under section 3582(c)(2). *See id.*

**AFFIRMED.**