**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10361 |
| Plaintiff - Appellee, | D.C. No. 2:95-cr-00131-SMM |
| v. | |
| EDGAR HUNTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Edgar Hunter appeals from the district court's order denying his 18 U.S.C.

§ 3582(c)(2) motion for reduction of sentence.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hunter contends that the district court abused its discretion by declining to reduce his sentence based on the retroactive amendments to the Sentencing Guidelines that lowered the penalties for crack cocaine offenses. Hunter is not eligible for a sentence reduction because his sentence was based on the parties' stipulation in a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and not "on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by section 3582(c)(2). *See Freeman v. United States*, 131 S. Ct. 2685, 2695-96 (2011) (Sotomayor, J., concurring). Neither exception that would allow us to conclude otherwise applies here, because the terms of the plea agreement provide no indication of a particular Guidelines sentencing range applicable to Hunter's offenses, nor is any Guidelines range expressly used in the agreement or evident from the agreement itself. *See United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012). As such, Hunter's sentence was based on the plea agreement, and the district court lacked jurisdiction to modify his sentence under section 3582(c)(2). *See id.*

Hunter's remaining claim is not cognizable under section 3582(c)(2).

**AFFIRMED.**

08-10361