**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIX TRONCOSO,

Defendant - Appellant.

No. 12-10237

D.C. No. 3:09-cr-00056-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Felix Troncoso appeals from the district court's order denying his motion for

a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28

U.S.C. § 1291. We review de novo whether a district court has jurisdiction to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

modify a sentence under section 3582. *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). We affirm.

Troncoso contends that he is entitled to a sentence reduction under Amendment 750, which amended the drug quantity table in U.S.S.G. § 2D1.1 for offenses involving crack cocaine. Troncoso is not eligible for a sentence reduction because his sentence was based on the parties' stipulation in a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and not "on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by section 3582(c)(2). *See Freeman v. United States*, 131 S. Ct. 2685, 2695-96 (2011) (Sotomayor, J., concurring and controlling). Although a Guidelines sentencing range is specified in Troncoso's plea agreement, the stipulated sentence is not within that range. Troncoso's contention that the parties nevertheless based the stipulated sentence on a Guidelines range is not supported by the plea agreement itself, which is the only place this court may look to determine the basis for the sentence imposed. *See id.* at 2697-98. We therefore conclude that the sentence is based on the parties' binding agreement, and the district court lacked jurisdiction to modify Troncoso's sentence under section 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012).

**AFFIRMED.**