FILED

**NOT FOR PUBLICATION**

JAN 16 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30149 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-05350-RBL |
| v. | |
| LIONEL IRVING, a.k.a., Mo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Lionel Irving appeals from the district court's order denying his 18 U.S.C.

§ 3582(c)(2) motion for reduction of sentence. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Irving contends that he is entitled to a sentence reduction based on the retroactive amendments to the Sentencing Guidelines that lowered the penalties for crack cocaine offenses. We review de novo whether the district court had jurisdiction to modify a defendant's sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Irving is not eligible for a sentence reduction because his sentence was based on the parties' stipulation in a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and not "on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by section 3582(c)(2). *See Freeman v. United States*, 131 S. Ct. 2685, 2695-96 (2011) (Sotomayor, J., concurring). The plea agreement does not call for Irving to be sentenced within a particular Guidelines sentencing range, nor is any such Guidelines range expressly used in the agreement or evident from the agreement itself. *See id.* at 2697-98. Therefore, the district court lacked jurisdiction to modify Irving's sentence under section 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012).

**AFFIRMED.**