**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30136 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00009-TSZ |
| v. | |
| JUSTIN BLAIR ALFORD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Justin Blair Alford appeals from the district court's order denying his 18

U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

Alford contends that he is entitled to a sentence reduction based on

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment 750 to the Sentencing Guidelines. We review de novo whether the district court had jurisdiction to modify a defendant's sentence under section 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012). Alford is not eligible for a sentence reduction because his sentence was based on the parties' stipulation in a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and not on a sentencing range that has been subsequently lowered by the Sentencing Commission, as required by section 3582(c)(2). *See Freeman v. United States*, 131 S. Ct. 2685, 2695-96 (2011) (Sotomayor, J., concurring). The plea agreement does not call for Alford to be sentenced within a particular Guidelines sentencing range, nor is any such Guidelines range expressly used in the agreement or evident from the agreement itself. *See id.* at 2697-98. Accordingly, the district court lacked jurisdiction to modify Alford's sentence under section 3582(c)(2). *See Austin*, 676 F.3d at 930.

Alford urges us to reconsider our decision in *Austin*. We are bound by that decision. *See United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740 (9th Cir. 2009).

Alford finally contends that *Dorsey v. United States*, 132 S. Ct. 2321 (2012), supports remand. This contention fails both because the district court lacked jurisdiction to modify the sentence and because Alford was sentenced before the Fair Sentencing Act took effect. *See Dorsey*, 132 S. Ct. at 2335; *United States v. Augustine*, No. 12-50061, 2013 WL 1317037, at *5 (9th Cir. Apr. 3, 2013).

**AFFIRMED.**

12-30136