**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gary L. MASON, Defendant–Appellant.**

**No. 12–30244.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2013.[*]

Filed June 20, 2013.

Aine Ahmed, Assistant U.S., United States District Court, Spokane, WA, for Plaintiff–Appellee.

Gerald R. Smith, Law Office of Gerald R. Smith, Spokane, WA, for Defendant–Appellant.

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Gary L. Mason appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government contends that this appeal is barred by the appeal waiver in Mason's plea agreement. We disagree. The appeal waiver does not encompass a decision regarding a section 3582(c)(2) motion. *See United States v. Lightfoot,* 626 F.3d 1092, 1094–95 (9th Cir.2010).

Mason contends that he is entitled to a sentence reduction based on Amendment 750 to the Sentencing Guidelines. We review de novo whether the district court had authority to modify a defendant's sentence under section 3582(c)(2). *See United States v. Austin,* 676 F.3d 924, 926 (9th Cir.2012). Mason is not eligible for a sentence reduction because his sentence was based on the sentencing range stipulated in a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and not on a sentencing range that has been subsequently lowered by the Sentencing Commission, as required by section 3582(c)(2). *See Freeman v. United States,* —— U.S. ——, 131 S.Ct. 2685, 2695–96, 180 L.Ed.2d 519 (2011) (Sotomayor, J., concurring). The plea agreement does not call for Mason to be sentenced within a particular Guidelines sentencing range, nor is any such Guidelines range expressly used in the agreement or evident from the agreement itself. *See id.* at 2697–98. Accordingly, the district court lacked authority to modify Mason's sentence under section 3582(c)(2). *See Austin,* 676 F.3d at 930.

Mason argues that *Austin* was wrongly decided. We are bound by *Austin. See United States v. Gonzalez–Zotelo,* 556 F.3d 736, 740 (9th Cir.2009).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

