**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30244 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00141-FVS |
| v. | |
| GARY L. MASON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted June 18, 2013[**]

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Gary L. Mason appeals from the district court's order denying his 18 U.S.C.

§ 3582(c)(2) motion for reduction of sentence. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

The government contends that this appeal is barred by the appeal waiver in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mason's plea agreement. We disagree. The appeal waiver does not encompass a decision regarding a section 3582(c)(2) motion. *See United States v. Lightfoot*, 626 F.3d 1092, 1094-95 (9th Cir. 2010).

Mason contends that he is entitled to a sentence reduction based on Amendment 750 to the Sentencing Guidelines. We review de novo whether the district court had authority to modify a defendant's sentence under section 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012). Mason is not eligible for a sentence reduction because his sentence was based on the sentencing range stipulated in a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and not on a sentencing range that has been subsequently lowered by the Sentencing Commission, as required by section 3582(c)(2). *See Freeman v. United States*, 131 S. Ct. 2685, 2695-96 (2011) (Sotomayor, J., concurring). The plea agreement does not call for Mason to be sentenced within a particular Guidelines sentencing range, nor is any such Guidelines range expressly used in the agreement or evident from the agreement itself. *See id.* at 2697-98. Accordingly, the district court lacked authority to modify Mason's sentence under section 3582(c)(2). *See Austin*, 676 F.3d at 930.

Mason argues that *Austin* was wrongly decided. We are bound by *Austin*. *See United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740 (9th Cir. 2009).

**AFFIRMED.**

12-30244