**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50108 |
| Plaintiff - Appellee, | D.C. No. 8:06-cr-00247-DOC |
| v. | |
| JESUS VASQUEZ, Sr., a.k.a. Chuy, a.k.a. Seal C, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Jesus Vasquez, Sr., appeals from the district court's order denying his 18

U.S.C. § 3582(c)(2) motion for reduction of sentence.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Vasquez contends that he is entitled to a sentence reduction based on the Fair Sentencing Act of 2010 ("FSA") and subsequent amendments to the Sentencing Guidelines that lowered the Guidelines ranges for crack cocaine offenses. We review de novo whether the district court had authority to modify a defendant's sentence under section 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012).

Vasquez's 120-month sentence was the statutory mandatory minimum at the time of sentencing. *See* 21 U.S.C. § 841(b)(1)(A) (2008). Because the FSA's reduced mandatory minimums do not apply to defendants sentenced before its effective date, a reduction in Vasquez's sentence would not be consistent with the policy statements issued by the Sentencing Commission, and the district court properly denied Vasquez's motion. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(A); *United States v. Augustine*, 712 F.3d 1290, 1295 (9th Cir. 2013).

**AFFIRMED.**