**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50185 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00602-GAF |
| v. | |
| BRUCE DWIGHT SUTTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Bruce Dwight Sutton appeals from the district court's order granting his 18

U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

Sutton contends that he is entitled to a further reduction of sentence based on

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Fair Sentencing Act of 2010 ("FSA") and subsequent amendments to the Sentencing Guidelines that lowered the Guidelines ranges for crack cocaine offenses. We review de novo whether the district court had authority to modify a defendant's sentence under section 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012).

The district court granted Sutton's motion and reduced his sentence to 120 months, the statutory mandatory minimum at the time of sentencing. *See* 21 U.S.C. § 841(b)(1)(A) (2008). Because the FSA's reduced mandatory minimums do not apply to defendants sentenced before its effective date, a reduction in Sutton's sentence below 120 months would not be consistent with the policy statements issued by the Sentencing Commission, and the district court properly declined to further modify Sutton's sentence. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(A); *United States v. Augustine*, 712 F.3d 1290, 1295 (9th Cir. 2013).

**AFFIRMED.**