**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30067 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-00030-EJL |
| v. | |
| CHARLES WILLIAM AXTELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Charles William Axtell appeals pro se from the district court's order denying

his second 18 U.S.C. § 3582(c)(2) motion for reduction of sentence and the order

denying his motion for reconsideration.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Axtell contends that he is entitled to a sentence reduction because the Fair Sentencing Act of 2010 ("FSA") applies retroactively to reduce the mandatory minimum sentence imposed for his crack cocaine conviction and because subsequent amendments to the Sentencing Guidelines lowered the applicable sentencing Guidelines range. We review de novo whether the district court had authority to modify a defendant's sentence under section 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012).

Axtell's 120-month sentence was the statutory mandatory minimum at the time of sentencing. *See* 21 U.S.C. § 841(b)(1)(A) (2005). Because the FSA's reduced mandatory minimums do not apply to defendants sentenced before its effective date, a reduction in Axtell's sentence would not be consistent with the policy statements issued by the Sentencing Commission, and the district court therefore lacked authority to modify Axtell's sentence. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G § 1B1.10 cmt. n.1(A); *United States v. Augustine*, 712 F.3d 1290, 1295 (9th Cir. 2013). Accordingly, the district court properly denied Axtell's motions.

**AFFIRMED.**