**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-6213**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

SEAN FRAZIER, a/k/a Brock,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:08-cr-00086-WDQ-8)

─────────────

Submitted: June 18, 2013           Decided: June 27, 2013

─────────────

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, Baltimore, Maryland; Thomas Sarachan, Staff Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Barbara S. Sale, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Frazier appeals the district court's judgment holding him not entitled to a plea reduction. We affirm.

Frazier pled guilty to participation in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), he and the Government agreed that a sentence of 135 months imprisonment was "the appropriate disposition of this case." Accordingly, on July 24, 2009, the district court sentenced him to 135 months imprisonment.

On November 1, 2010, the United States Sentencing Commission lowered the guidelines for crack cocaine offenses; on November 1, 2011, the Commission made this amendment retroactive. See U.S.S.G. app. C. amends. 748, 750, 759. On September 24, 2012, Frazier asked the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c). Frazier maintained that the crack cocaine amendments to the Sentencing Guidelines provided a basis for the reduction. The district court denied the motion, finding Frazier not eligible for a sentence reduction. Frazier appeals that order.

We review a district court's decision as to whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013). But we review the district court's holding as to the

scope of its authority to reduce a sentence pursuant to § 3582(c)(2) de novo.  Id.

Resolution of the question raised here rests on the proper application of Freeman v. United States, 131 S. Ct. 2685 (2011), to the case at hand.  In Freeman, the Supreme Court held that a defendant sentenced in accord with Rule 11(c)(1)(C), as Frazier was, is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) if his sentence had been "based on" a Sentencing Guidelines range that had been lowered.  But if the sentence was "based on" the agreement of the parties, the defendant is not eligible for a § 3582(c)(2) sentence reduction.  The Freeman Court divided 4-1-4, with a plurality concluding that defendants who enter into Rule 11(c)(1)(C) pleas are not categorically barred from eligibility for a § 3582(c)(2) sentence reduction. Justice Sotomayor concurred in the judgment.  Her opinion, narrower than that of the plurality, controls.  See United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011) (applying rule of Marks v. United States, 430 U.S. 188, 193 (1977) to find Justice Sotomayor's opinion in Freeman controlling), cert. denied, 132 S. Ct. 1003 (2012).

Justice Sotomayor concluded that a defendant who pleads guilty in accordance with Rule 11(c)(1)(C) can demonstrate his sentence was "based on" a Guidelines range and so he is eligible to seek a plea reduction pursuant to § 3582(c)(2) only in two

3

instances.  The first is where the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range."  Freeman, 131 S. Ct. at 2697 (Sotomayor, J., concurring in the judgment).  Frazier does not maintain that his plea agreement "call[s] for" him "to be sentenced within a particular Guidelines range."

But Frazier does maintain that Justice Sotomayor's second exception to the general rule that defendants making Rule 11(c)(1)(C) pleas are not eligible for § 3582(c)(2)'s reductions applies to him.  That second exception applies when the plea agreement (1) "provide[s] for a specific term of imprisonment" and (2) "make[s] clear that the basis for the specified term is a Guidelines sentence range applicable to the offense" of conviction provided that "the sentencing range is evident from the agreement itself."  131 S. Ct. at 2697.

Applying this test, we must affirm the district court's holding that Frazier does not qualify for a § 3582(c)(2) sentence reduction.  Frazier's agreement does provide for a specific term of imprisonment -- 135 months.  But the agreement does not make clear that the specified term is a Guidelines sentencing range applicable to the sentence of conviction, let alone make this "evident from the agreement itself."

As the district court noted, Frazier's plea agreement "disclaimed any agreement as to his criminal history or criminal

4

history category" and gave no "Guidelines sentencing range." Thus, the agreement "does not make clear that the agreed sentence was based upon a Guidelines calculation." We note that, on very similar facts, the First Circuit has come to the same conclusion. See United States v. Rivera-Martinez, 665 F.3d 344, 349 (1st Cir. 2011); see also United States v. Austin, 676 F.3d 924, 930 (9th Cir. 2012); Brown, 653 F.3d at 340.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED