**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10611 |
| Plaintiff - Appellee, | D.C. No. 2:97-cr-00026-GEB |
| v. | |
| RICO DURAN MAYO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Rico Duran Mayo appeals pro se from the district court's order denying his
18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction
under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Mayo's request
for oral argument is denied.

Mayo contends that he is entitled to a sentence reduction under the Fair Sentencing Act of 2010 ("FSA") and subsequent amendments to the Sentencing Guidelines. He argues that because his conviction under 21 U.S.C. § 844 no longer qualifies as a predicate crime for one of his two convictions under 18 U.S.C. § 924(c), the district court had discretion to dismiss his first section 924(c) conviction and to modify the sentence imposed for his second section 924(c) conviction. We review de novo whether the district court had authority to modify a defendant's sentence under section 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012).

Mayo is not entitled to relief under section 3582(c)(2) because section 3582(c)(2) does not authorize a plenary resentencing proceeding, but only a limited adjustment to an otherwise final sentence when the Guidelines range applicable to a defendant's sentence has subsequently been lowered. *See* 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). Mayo was sentenced in 1998 to the statutory mandatory minimum sentence, and not based on a Guidelines range that was subsequently lowered. Further, any changes made by the FSA do not apply retroactively to defendants, like Mayo, who were sentenced before its effective date. *See United States v. Augustine*, 712 F.3d 1290, 1295 (9th Cir. 2013).

All pending motions are denied.

**AFFIRMED.**

12-10611