**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10080 |
| Plaintiff - Appellant, | D.C. No. 4:09-cr-00745-DLJ-1 |
| v. | |
| JIMMY LEE THORNTON, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, Senior District Judge, Presiding

Argued and Submitted March 13, 2014
San Francisco, California

Before: THOMAS, FISHER, and BERZON, Circuit Judges.

The United States appeals from the district court's order reducing the prison

sentence of defendant-appellee Jimmy Lee Thornton pursuant to 18 U.S.C.

§ 3582(c)(2).  We conclude that the district court lacked jurisdiction under

§ 3582(c)(2) to reduce Thornton's sentence, and reverse.

---

> *      This disposition is not appropriate for publication and is not precedent
> except as provided by 9th Cir. R. 36-3.

Thornton does not dispute that he was sentenced pursuant to a binding plea agreement of the kind described in Federal Rule of Criminal Procedure 11(c)(1)(C). Therefore, unless Thornton's 11(c)(1)(C) plea agreement was itself "based on" a United States Sentencing Commission Guidelines range that has subsequently been reduced, the district court lacked § 3582(c)(2) jurisdiction to modify his sentence. *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring); *United States v. Austin*, 676 F.3d 924, 927–28 (9th Cir. 2012).

Here, no "Guidelines sentencing range [is] 'evident from the agreement itself'"; nor does the plea agreement "'expressly use' a Guidelines range." *See Austin*, 676 F.3d at 930. "No sentencing range appears on the face of the plea agreement[,]" and the "terms of the agreement do not 'make clear' that any particular Guidelines range was 'employed[.]'" *Id.* (internal citation omitted) (quoting *Freeman*, 131 S. Ct. at 2697 & 2700 (Sotomayor, J., concurring)). Indeed, Thornton acknowledges that "the stipulated sentence was a compromise between the mandatory minimum of five years and what could have been a mandatory minimum of ten years" if the government had alleged Thornton's prior convictions. As Thornton was sentenced based on this compromise stipulation and not on a Guidelines range that has subsequently been reduced, we conclude that the

district court was without § 3582(c)(2) jurisdiction to modify Thornton's sentence. *See id.*

In granting § 3582(c)(2) relief, the district court applied the analysis of whether a "guideline range *applicable to* that defendant has subsequently been lowered as a result of an amendment to the Guidelines" from *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013) (quoting U.S.S.G. § 1B1.10(a)(1)), to the separate question of whether Thornton was sentenced "based on" a guidelines range that has been subsequently reduced. This was error, as these questions are separate prongs of the § 3582(c)(2) analysis. *Pleasant*, 704 F.3d at 810–11. "Although the 'applicable to' language[,]" derived from the Guidelines policy statements, "appears to mirror the 'based on' language of the first prong, each prong requires a separate analysis." *Id.* Because Thornton's plea agreement fails the test set out in Justice Sotomayor's *Freeman* concurrence, the district court lacked jurisdiction to modify Thornton's sentence, and there was no occasion to move to the second prong of the analysis. *See Austin*, 676 F.3d at 926.

As we conclude that the district court was without jurisdiction to order this sentencing modification, we do not address the government's additional arguments for reversal.

Accordingly, the district court's order granting Thornton's motion to reduce his sentence is **REVERSED** and the reduced sentence is **VACATED**.  On remand, the district court is to reinstate the original sentence.