Per Curiam Opinion; Concurrence by Judge BERZON.
OPINION
PER CURIAM:
In 2005, Davis was convicted on the basis of his plea agreement and sentenced to 18 years for conspiracy, distribution, and possession with intent to distribute cocaine base, that is, crack. We affirmed his sentence on direct appeal. Subsequently, in 2010, the United States Sentencing Commission reduced the Sentencing Guidelines retroactively for crack cocaine. Davis sought a retroactive reduction of his sentence based upon this change. The district court held that it lacked jurisdiction to modify his sentence because his sentence was not “based on” the Guidelines.[1] We review de novo,[2] and affirm.
Davis’s plea agreement recites that it is entered into pursuant to Rule 11(c)(1)(C).[3] A “(c)(1)(C)” agreement is one that the district court has discretion to accept or reject, but if the district court does not agree upon the particular sentence the parties have agreed to, then the defendant is entitled to withdraw from the agreement.[4] There is no issue in this case *1090 regarding whether the agreement was, as it recites, an 11(c)(1)(C) agreement.
The agreement lists some, but not all, of the factors that would enable a Guidelines calculation. On the one hand, it states what statutes and statutory penalties apply, and it says that the total amount of cocaine base would yield a base offense level of 34. On the other hand, it does not state whether adjustments are appropriate, or what Davis’s criminal history category would be under the Guidelines. Criminal history category and adjustment determinations are necessary to calculate the sentencing range on the Guidelines matrix. It appears from the sentencing memoranda subsequently submitted to the district court that Davis’s criminal history category was II. The district court found on remand from the Ninth Circuit[5] that Davis’s criminal history was I. At his sentencing, the court found by a preponderance of evidence that “Davis was a leader in the Seven Deuces Mob and in the criminal conspiracy that gave rise to the charges.” The court considered these factors in determining whether to accept the plea agreement, and accepted it, sentencing Davis to the 18 years he had agreed to.
The law established by the Supreme Court decision in Freeman v. United, States[6] hás been much debated. Four justices in Freeman would have held that all crack sentences based on 11(c)(1)(C) agreements are eligible for the retroactive reduction provided by the Guidelines, because the trial judge’s discretion whether to accept the proposed sentence is always informed by the Guidelines.[7] Another four justices accepted the government’s position that a sentence imposed under an 11(c)(1)(C) agreement is based on the agreement, not the Guidelines.[8] One justice, Justice Sotomayor, thought that a sentence imposed pursuant to an ■11(c)(1)(C) agreement was based on the agreement and not the Guidelines,[9] so not subject to the retroactive crack reduction. However, Justice Sotomayor would have recognized two exceptions. First, Justice Sotomayor would have recognized an exception where the (c)(1)(C) plea agreement provides that the defendant be sentenced within a specific Guidelines sentencing range. Second, Justice Sotomayor would have recognized an exception where, although the (c)(1)(C) agreement provided only for a specific term of imprisonment, it was clear that “the basis for the specified term is a Guidelines sentencing range” and that “the sentencing range is evident from the agreement itself.”[10] To fit within her second exception, the (c)(1)(C) agreement has to “expressly use[ ] a Guidelines sentencing range to establish the term of imprisonment,” and that range must have been “subsequently lowered by the [Sentencing] Commission”[11] All eight of the other justices, four to affirm[12] and four to reverse,[13] disagreed with Justice Sotoma-yor’s analysis. In the context of Freeman, her view and the particularities of the plea agreement led her to agree with the justices who thought the district court did have jurisdiction to apply the retroactive reduction.
*1091 In the case before us, the district court concluded that under Marks v. United States,[14] the Sotomayor view controlled. In our circuit, the matter was resolved in United States v. Austin,[15] We held in Austin that Justice Sotomayor’s concurrence in the judgment in Freeman controls under Marks.[16] The district court’s determination in this case that it lacked jurisdiction- to reduce Davis’s crack sentence is consistent with Austin.
Under Austin, Davis’s 18-year sentence was “based on” his 11(c)(1)(C) agreement unless one of the two Freeman exceptions applies. They do not. His agreement does not call for him to be sentenced “within a particular Guidelines sentencing range.”[17] Nor does it “make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense,” or show that a “sentencing range is evident from the agreement itself.”[18] As explained above, his agreement does not specify his Guidelines range, just one element of it, quantity, leaving out other necessary elements of the calculation, such as his criminal history and leadership role. We are therefore compelled under Austin to affirm.
AFFIRMED.

. See 18 U.S.C. § 3582(c)(2).

. United States v. Austin, 676 F.3d 924, 926 (9th Cir.2012).

. Fed.R.Crim.P. 11(c)(1):
... If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will: ...
(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

.Fed.R.Crim.P. 11(d).

. See United States v. Davis, 312 Fed.Appx. 909, 913 (9th Cir.2009) (unpublished).

. Freeman v. United States, - U.S. -, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011).

. Id. at 2690 (plurality opinion).

. Id. at 2700 (Roberts, C.J., dissenting).

. Id. at 2696 (Sotomayor, J., concurring in the judgment).

. Id. at 2697.

. Id. at 2098.

. Id. at 2690 (plurality opinion).

. Id. at 2701 (Roberts, C.J., dissenting).

. Marks v. United States, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977).

. United States v. Austin, 676 F.3d 924 (9th Cir.2012).

. Id. at 927-28 (citation omitted).

. Freeman, 131 S.Ct. at 2697.

. Id.