BERZON, Circuit Judge,
concurring:
I agree with the per curiam opinion, given the holding of United States v. Austin, 676 F.3d 924 (9th Cir.2012). In my view, however, Austin was incorrectly decided and should be reconsidered by this court en banc. We should instead adopt the rationale of United States v. Epps, 707 F.3d 337 (D.C.Cir.2013).
In Austin, we held that Justice Sotoma-yor’s opinion in Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), was controlling under Marks v. United States, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). See Austin, 676 F.3d at 927-28. Subsequently, in Epps, the D.C. Circuit concluded that none of the opinions in Freeman represented the holding of the Court. Epps, 707 F.3d at 348-51. The D.C. Circuit then went on to hold, independently of any binding Supreme Court precedent but in accord with the plurality opinion in Freeman, that, for purposes of 18 U.S.C. § 3582(c)(2), “the focus, even when there is a [Fed.R.Crim.P.] 11(c)(1)(C) plea agreement, ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties’ agreement.” Id. at 351. I agree.
Under Marks, the holding of a fractured Supreme Court opinion is “that position taken by those Members who concurred in the judgments on the narrowest grounds.” Marks, 430 U.S. at 193, 97 S.Ct. 990 (internal quotation marks omitted). Epps held, relying on prior D.C. Circuit precedent interpreting the Marks test, that Marks requires “ ‘a common denominator of the Court’s reasoning’” which must “‘embody a position implicitly approved by at least five Justices who support the judgment.’ ” Epps, 707 F.3d at 348 (quoting King v. Palmer, 950 F.2d 771, 781 (D.C.Cir.1991) (en banc)). This court has approvingly cited King’s test, and has applied Marks in a similar way. See, e.g., Lair v. Bullock, 697 F.3d 1200, 1205 (9th Cir.2012); United States v. Williams, 435 F.3d 1148, 1157 (9th Cir.2006).
Epps concluded that there was no common denominator in Freeman “because *1092-1102 the plurality and concurring opinions do not share common reasoning whereby one analysis is a ‘logical subset,’ King, 950 F.2d at 781, of the other.” Epps, 707 F.3d at 350. Indeed, as the per curiam opinion in this case recounts, the Freeman plurality rejected Justice Sotomayor’s approach. Id. Furthermore, while the plurality and Justice Sotomayor agreed on the proper outcome of the case on the facts presented in Freeman, Epps observed that there was nothing logically necessary about this correspondence in outcome. Id. There would be many cases in which a defendant’s sentence would be reduced under the plurality’s approach but not under Justice Soto-mayor’s, of course, but it was equally true that there would be cases in which a defendant’s sentence would be reduced under Justice Sotomayor’s approach but not under the plurality’s. See id. at 350-51 (citing United States v. Duvall, 705 F.3d 479, 487-89 (D.C.Cir.2013) (Williams, J., concurring in the judgment) (explaining how the two approaches can diverge in particular cases)). Because Justice Sotomayor’s opinion focuses on the role the parties’ Guidelines calculations play in the formation of a Fed.R.Crim.P. 11(c)(1)(C) agreement, while the plurality’s approach focuses on the role of the judge’s Guidelines calculations in deciding whether to accept such an agreement, “the set of cases where the defendant prevails under the concurrence is not always nestled within the set of cases where the defendant prevails under the plurality as the Marks framework requires.” Id. at 351.[1]
Like the D.C. Circuit in Epps, I cannot conclude that Justice Sotomayor’s opinion qualifies as controlling under Marks. On the contrary, the reasoning of Justice So-tomayor’s opinion is totally contrary to that of the plurality opinion, and her opinion would result in sentencing reductions in cases in which the plurality opinion would not. I would follow the D.C. Circuit’s. conclusions that Justice Sotomayor’s opinion is not binding; that, therefore, “we are bound only by the result in Freeman, namely that [18 U.S.C.] § 3582(c)(2) relief is not invariably barred when a sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement”; and that the Freeman plurality’s reasoning is the most persuasive of the three opinions in that ease. Id. at 351. We should reconsider Austin’s holding to the contrary.

. " 'For example, the parties may state in the plea agreement that a particular range applies and agree to a sentence at the bottom of that range, but the district court may not agree that the range determined by the parties applies, finding for example that the career offender range is applicable instead, but notwithstanding this finding accept the plea because it is to a term that is acceptable to the court for reasons unrelated to the guideline range determined by the parties. Using Justice Sotomayor’s standard, if the sentencing range used by the parties is subsequently reduced, the defendant would be eligible for a sentence reduction because the plea agreement was accepted and provided for a stipulated sentence based on a subsequently reduced range — according to Justice Sotomayor, eligibility is determined based on the agreement. The plurality, however, would find this defendant ineligible because the range that the parties agreed to played no role in the court's determination that this was an appropriate sentence, despite the fact that the court imposed the agreed-upon term of imprisonment.' ” Epps, 707 F.3d at 350 n. 8 (quoting Epps’s reply brief).