**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10091 |
| Plaintiff-Appellee, | D.C. No. 4:04-cr-00677-FRZ |
| v. | |
| ROGELIO UMBERTO COTA-VALENZUELA, a.k.a. Rogelio Cota-Valenzuela, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted November 16, 2016**

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Rogelio Umberto Cota-Valenzuela appeals pro se from the district court's

order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cota-Valenzuela contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court determined that Cota-Valenzuela was not entitled to a sentence reduction because his sentence was based on the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, rather than the Guidelines range. In so doing, the district court applied the test set forth in *United States v. Austin*, 676 F.3d 924 (9th Cir. 2012), and did not have the benefit of our recent decision in *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc) (overruling *Austin* and adopting the plurality opinion's approach in *Freeman v. United States*, 564 U.S. 522 (2011)). Accordingly, we remand for the district court to determine in the first instance whether Cota-Valenzuela is entitled to relief in light of *Davis*. We express no opinion as to the merits of Cota-Valenzuela's motion.

**VACATED and REMANDED.**